IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON R. SULLIVAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN JOHN DOE, OFFICER | : | NO. 07-2092 |
| BROADUS, OFFICER WILSON, | : | |
| THE CITY OF PHILADELPHIA, | : | |
| and MARCY BOSTWICK, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                               December 20, 2007

    Currently pending before the Court is Defendant Marcy Bostwick's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).  For the reasons which follow, the Motion shall be granted on both grounds.

## I.  FACTUAL HISTORY

    According to the facts as set forth in the Complaint, Plaintiff was arrested at her home on June 19, 2004 and charged with burglary, criminal trespass, contempt, criminal mischief and harassment.  (Compl. ¶ 10.)  The following day, the Philadelphia Court of Common Pleas clerk Duane E. Hill certified Plaintiff as a possible "#302" commitment with the further proviso to "House in safe, secure setting, [and] make defendant available for evaluation by prison medical staff."  (Id. ¶ 13.)  On or about June 22, 2004, Plaintiff was seen by the prison psychiatrist who diagnosed her as bipolar and explained that she was currently in a manic state.

(Id. ¶ 16.)  The psychiatrist indicated that she did not belong in prison and simply prescribed her a non-therapeutic dose level of Paxil.  (Id. ¶ 16.)  Finally, on July 8, 2004, the Honorable Louis J. Prezenza, of the Philadelphia Court of Common Pleas, ordered that Plaintiff be committed to "the Forensic Unit of the Detention Center under section 304 file 102B of the Mental Health Procedures Act of 1976 for a period of 30 days."  (Id. ¶ 14.)

Notwithstanding this patent evidence of her mental illness, at no time during Plaintiff's six-week stay in prison was she taken out of the general prison population.  (Id. ¶ 18.)  In fact, Plaintiff's mother posted bail on July 14, 2004,[1] but prison officials refused to release her.  (Id. ¶ 19.)  During her period of incarceration, prison officials made no efforts to address her mental condition.  (Id. ¶ 19.)  In addition, Plaintiff was subjected to "painful, injurious, dangerous and abusive prison conditions in the general prison population."  (Id. ¶ 19.)  For example, Plaintiff's toilet was left overflowing and full of feces and urine for three continuous days, and she was forced to eat her meals in that environment.  (Id. ¶ 20.)  Further, one of her cellmates threatened to kill her, other prisoners physically beat her, some prisoners made unwanted sexual advances on her and male guards positioned themselves so they could watch Plaintiff and the other female prisoners shower.  (Id. ¶ 20.)  Officials at the prison did not take any action to correct these conditions.  (Id. ¶ 20.)

On December 8, 2004, all charges against Plaintiff were dismissed.  (Def. Mot. Sum. J. Ex. B.)[2]

---

1.  Although the Complaint says "July 14, 2007."  (Compl. ¶ 19), the Court assumes this is simply a typographical error.

2.  Although the Complaint says all charges were dismissed on July 14, 2004 (Compl. ¶ 12), the Municipal Court of Philadelphia County Secure Criminal Docket, Commonwealth v. Sullivan, No. MC-51-CR-0618041-2004, attached
(continued...)

2

On May 23, 2007, Plaintiff initiated a civil action in this Court under 42 U.S.C. § 1983, alleging violations of her First, Fourth, Eighth and Fourteenth Amendment rights by Defendants Warden John Doe, Officer Broadus, Officer Wilson, the City of Philadelphia and Marcy Bostwick, a prosecution assistant in the charging unit of the Philadelphia District Attorney's office. (Compl. ¶ 27.) The sole allegation against defendant Bostwick is as follows:

> The defendant Bostwick, the affiant on the charges lodged against the plaintiff, did not evaluate or review the information she received but instead just charged the plaintiff with a litany of unjustified and undeserving charges in an effort to injure her, i.e. to make something, anything, stick. This is the nature of present day prosecution and advice to police officers in these practices cause severe injuries to innocent persons such as plaintiff. There was never any evidence whatsoever of burglary for example.

(Id. at ¶ 26.)

Defendant Bostwick now moves to dismiss the Complaint against her on two grounds. First, she alleges that the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Second, she asserts that the Complaint must be dismissed pursuant to Rule 12(b)(6) because she is absolutely immune from liability.

## II. STANDARDS OF REVIEW

The Federal Rules of Civil Procedure allows a Court to dismiss an action for "insufficiency of service of process." Fed.R.Civ.P. 12(b)(5 ). In a Rule 12(b)(5) motion, "the party making the service has the burden of demonstrating validity when an objection to the service is made." Suegart v. U.S. Customs Service, 180 F.R.D. 276, 278 (E.D. Pa. 1998). "In

---

2. (...continued)
to Defendant's Motion to Dismiss, indicates that the actual date of dismissal was December 8, 2004. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (in deciding a motion to dismiss pursuant to Rule 12(b)(6) a court may consider matters of public record without converting the motion into a motion for summary judgment).

addressing such motions, '[t]he courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant[s].'" Grand Ent. Group, Ltd. v. Star Media Sales, Inc., Civ. A. No. 86-5763, 1993 WL 437699, at *2 (E.D. Pa. Oct. 21, 1993) (quoting 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE PROCEDURE § 1354 at 288 (2d ed. 1990)).  Nevertheless, the United States Court of Appeals for the Third Circuit has held that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such instances, the district court should at most, quash service, leaving the plaintiff[] free to effect proper service." Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir.1992).

   The purpose of a Fed. R. Civ. P. 12(b)(6) motion, on the other hand, is to test the legal sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering such a motion to dismiss, the court must "accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the nonmoving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  Notably, though, the court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The question is not whether the plaintiff will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).  Rather, the court should only grant a 12(b)(6) motion if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (citing

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

## III.   SERVICE OF PROCESS

In her initial claim, Defendant Bostwick alleges that she has not been properly served according to the Federal Rules of Civil Procedure. Specifically, she contends that Plaintiff sent her summons and a copy of the Complaint via certified first-class mail. As service by mail is not permissible on individual defendants, Defendant Bostwick asserts that the Complaint against her should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

The Court agrees. Federal Rule of Civil Procedure 4(e) governs service upon an individual within a judicial district of the United States, as follows:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e) (amended Dec. 1, 2007).[3]  The service effectuated by Plaintiff, in this case, does not comply with subsection (1) since, under Pennsylvania law, service by mail upon individuals within the state is not permitted.  See PA. R. CIV. P. 402; see also Spencer v. Eristoff, Civ. A. No. 06-0174, 2006 WL 2346418, at *3 (E.D. Pa. Aug. 11, 2006) (recognizing that Pennsylvania law does not permit service by mail), appeal dismissed, 224 Fed. Appx. 173 (3d Cir. 2007).  Likewise, subsection (2) of Rule 4 does not authorize service by mail upon an individual.  FED. R. CIV. P. 4(e)(2).

In an attempt to avoid this procedural obstacle, Plaintiff alleges that Defendant Bostwick has an obligation and a duty to avoid unnecessary costs of service of summons by waiving service pursuant to Rule 4(d).  Specifically, she cites to the portion of Rule 4(d)(2), which states that "[a]n individual, corporation, or association that is subject to service under subdivision Rule 4(e), (f), or (h) that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary expenses of serving the summons.  To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons."  FED. R. CIV. P. 4(d)(2).  Plaintiff goes on to argue that, pursuant to this Rule, if a defendant fails, without good cause, to sign a requested waiver, the court must impose on the defendant the expenses later incurred in effecting service, as well as the reasonable expenses of any motion required to collect those service expenses.  Id. R. 4(d)(2) and

---

3.  The Federal Rules of Civil Procedure, including Rule 4, were amended on April 30, 2007.  The amended section contains no substantive changes to the waiver rules, but simply revises and clarifies the language used.  The amended Rule 4 is effective as of December 1, 2007.  Since the challenged service, in this case, occurred in July of 2007, the prior version of Rule 4 applies.

(5). Accordingly, she contends that Defendant Bostwick must reasonably agree to waive service or otherwise face costs.

Plaintiff's argument, however, is misguided. Federal Rule 4(d)(2) sets forth a specific procedure for a plaintiff to request waiver of service from an individual defendant. Specifically, the notice of action and request for waiver must (a) be in writing and addressed to the individual defendant; (b) be dispatched through first-class mail or other reliable means; (c) be accompanied by a copy of the complaint and identify the court in which it has been filed; (d) inform the defendant, using text prescribed in an official form, of the consequences of compliance and of a failure to comply with the request; (e) state the date on which the request is sent; (f) allow the defendant a reasonable time of at least 30 days after the request was sent to return the waiver; and (g) provide the defendant with an extra copy of the notice and request, as well as a prepaid means of compliance in writing. Id. Despite the fact that Plaintiff bears the burden of establishing the validity of service in the face of a Rule 12(b)(5) motion, Suegart, 180 F.R.D. at 278, she fails to identify any request, made via the procedure set forth in Rule 4(d)(2), that Defendant Bostwick waive service. As the time for effectuating proper service has passed,[4] the Court must grant the Motion to Dismiss.

---

4.  Federal Rule of Civil Procedure 4(m) provides that a defendant must be served within 120 days after the complaint was filed. Id. At this juncture, more than 120 days has passed since the May 23, 2007 filing of the Complaint. As Plaintiff has offered no good cause for the failure to properly serve Ms. Bostwick, the Court must dismiss with prejudice. Id.

## IV. ABSOLUTE IMMUNITY

Defendant Bostwick also moves to dismiss the Complaint against her on the grounds of absolute immunity. For the reasons which follow, the Court likewise grants her motion on this ground.

In <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S. Ct. 984 (1976), the United States Supreme Court held that, pursuant to the common law immunity historically granted to prosecutors, state prosecutors would be absolutely immune from liability under section 1983 for actions performed as an integral part of the judicial process. <u>Id.</u> at 427, 430-31, 96 S. Ct. at 995. This protection is "not grounded in any special esteem for those who perform these functions, and certainly not from a desire to shield abuses of office, but because any lesser degree of immunity could impair the judicial process itself." <u>Kalina v. Fletcher</u>, 522 U.S. 118, 127, 118 S. Ct. 502, 508 (1997) (internal quotation marks and citations omitted).

Clarifying the bounds of this immunity, the Third Circuit has explained that "[c]ourts are obligated to take a functional approach to questions of absolute immunity, and should focus on 'the nature of the function performed, not the identity of the actor who performed it and evaluate[] the effect that exposure to particular forms of liability would likely have on the appropriate exercise of that function.'" <u>Light v. Haws</u>, 472 F.3d 74, 78 (3d Cir. 2007) (quoting <u>Hughes v. Long</u>, 242 F.3d 121, 125 (3d Cir. 2001); <u>Larsen v. Senate of Commonwealth of Pa.</u>, 152 F.3d 240, 249 (3d Cir.1998)). Conduct "intimately associated with the judicial phases of litigation," including participation in litigation, acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial and acts which occur in the course of the prosecutor's role as advocate for the State, are actions performed in a "quasi-

judicial" role subject to absolute immunity. Light, 472 F.3d at 77 (internal quotation marks and citations omitted). Thus, "[t]he act of bringing an indictment, initiating prosecution even for suspect reasons, knowingly introducing fraudulent evidence into a judicial proceeding, and failing to disclose material evidence are all within the 'traditional functions of an advocate' and receive absolute protection." Knight v. Poritz, 157 Fed. Appx. 481, 487 (3d Cir. 2005) (citations omitted). Under this functional approach, "[n]ot only an attorney, but also the employee of an attorney, will be granted absolute immunity when the employee's function is closely allied to the judicial process." Davis v. Grusenmeyer, 996 F.2d 617, 631 (3d Cir. 1993) (holding that "[a]n investigator directly employed by the district attorney to do a particular investigative job relating to the prosecution of an accused" is performing a quasi-judicial function and is entitled to absolute immunity), abrogated on other grounds, Rolo v. City Invest. Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998); see also Ernst v. Child and Youth Svs. of Chester County, 108 F.3d 486, 495 (3d Cir. 1997) (holding that child welfare department caseworkers were entitled to absolute immunity for their actions on behalf of state in preparing for, initiating and prosecuting dependency proceedings); Hill v. City of New York, 45 F.3d 653, 660 (2d Cir. 1995) (holding that non-attorney employees of prosecutor were entitled to absolute immunity for their actions in assisting with the investigation and prosecution of the plaintiff).

In the case at bar, the sole allegation in the Complaint against Defendant Bostwick avers that Ms. Bostwick, "the affiant on the charges lodged against the plaintiff, did not evaluate or review the information she received but instead just charged the plaintiff with a litany of unjustified and undeserving charges in an effort to injure her, i.e. to make something, anything stick." (Complaint ¶ 26.) This allegation challenges conduct by Defendant Bostwick performed

in the course of her employment as a prosecution assistant in the Charging Unit of the District Attorney's Office.  Such conduct is "intimately associated with the judicial phases of litigation." Light, 472 F.3d at 77.  As the act of initiating prosecution is one directly covered by absolute immunity, the Complaint against Defendant Bostwick, in her individual capacity, must be dismissed.[5]

## V.        CONCLUSION

For all of the reasons set forth above, the Complaint against Defendant Bostwick is dismissed under both Rule 12(b)(5), for improper service of process, and Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

---

5.  In her Response, Plaintiff argues that because Defendant Bostwick is being sued in her individual capacity, she is not immune from suit under the Eleventh Amendment sovereign immunity.  This argument is misplaced as Defendant Bostwick does not allege Eleventh Amendment immunity, but rather absolute immunity stemming from the common law concept of prosecutorial immunity.  This latter principle specifically applies to defendants being sued in their individual capacities. Cruz v. City of Philadelphia, Civ. A. No. 07-493, 2007 WL 2317372, at *3-4 (E.D. Pa. Aug. 7, 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON R. SULLIVAN | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN JOHN DOE, OFFICER | : | NO. 07-2092 |
| BROADUS, OFFICER WILSON, | : | |
| THE CITY OF PHILADELPHIA, | : | |
| and MARCY BOSTWICK, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this *20th* day of *December*, 2007, upon consideration of Defendant Marcy Bostwick's Motion to Dismiss Plaintiff's Complaint (Docket No. 3) and Plaintiff's Response thereto (Docket No. 4), it is hereby **ORDERED** that the Motion is **GRANTED** and that Plaintiff's Complaint against Defendant Marcy Bostwick is **DISMISSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.